**FILED**

JUN ~ 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN A. STENDER
Much Shelist Freed Denenberg Ament &
Rubenstein, P. C.
191 North Wacker Drive, Suite 1800
Chicago, IL  60606-1615

INFINITY CLARK STREET OPERATING, L.L.C.,
20 N. Wacker Drive
Suite 1725
Chicago, IL  60606

On behalf of themselves and all others
similarly situated,

Movants,

v.

WARREN GORRELL
Hogan Lovells LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

PRENTISS FEAGLES
Hogan Lovells LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

Respondents.

Case No. 1:16-mc-01177 (JDB)

**Case: 1:16-mc-01177**
**Assigned To : Bates, John D.**
**Assign. Date : 6/1/2016**
**Description: Miscellaneous**

RECEIVED

JUN ~ 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

### INTRODUCTION

Movants seek to compel the law firm of Hogan Lovells ("Hogan") to produce documents

and schedule three witnesses for deposition before discovery in the underlying case closes on

June 29, 2016.   The presiding judge, the Hon. William J. Martinez, sitting in the United States

District Court for the District of Colorado, has twice ruled that Hogan's clients (known as the
"Archstone Defendants") waived attorney-client privilege and work product immunity in
connection with advice Hogan gave regarding the terms of a 2007 merger (the "Merger").
Despite the critical implications of the waivers, and notwithstanding Movants' attempts for the
past three months to coax compliance, Hogan continues to stall. Hogan has not produced the
alleged work product, nor will commit to a date for doing so. Hogan has also repeatedly
resisted producing two of the three deponents, each of whom was intimately involved in giving
the advice for which Judge Martinez has held the attorney-client privilege and work product
immunity was waived. With the discovery cut-off looming, Movants have no alternative but to
invoke this Court's authority to compel compliance with subpoenas served in this District. *See*
Fed. R. Civ. P. 45(f) advisory committee's note (2013) ("To protect local nonparties, local
resolution of disputes about subpoenas is assured by the limitations . . . that motions be made in
the court in which compliance is required under Rule 45(c).").

## BACKGROUND

Movants are class representatives in a certified class action. They contributed property
to a form of real estate investment trust known as an UPREIT, in exchange for which they
received securities known as A-1 Units. Their interests in the UPREIT were eliminated in the
Merger.

Movants' rights as A-1 unitholders were contractual in nature and set out in a Declaration
of Trust ("DOT"). The Archstone-Smith Trust ("Archstone") was the majority owner and sole
trustee of the Archstone-Smith Operating Trust (the UPREIT). Before the Merger, Archstone
was a publicly held real estate investment trust. As a consequence of the Merger, Archstone
became privately owned.

2

Movants contend in their Complaint that the parties to the Merger acted tortiously and in violation of their contractual rights as A-1 unitholders.   Among others, the Complaint names as defendants certain Archstone officers and board members, Archstone, and the Archstone-Smith Operating Trust (collectively the "Archstone Defendants").   The Complaint alleges breach of contract, breach of fiduciary duty for minority oppression, tortious interference with contract, aiding and abetting breach of fiduciary duty, conspiracy, and unjust enrichment.   Damages are estimated to exceed $1 billion.

On September 28, 2015, Judge Martinez certified the class of A-1 Unitholders for liability purposes.   Notice to this class has been given.   Merits discovery is set to end on June 29, 2007.

Hogan advised the Archstone Defendants with respect to the Merger.   Discovery has shown that Hogan initially advised them that the parties should structure the Merger around the A-1 Units and leave their rights unaffected.   The buyer parties to the Merger would not agree to permitting the continuation of the A-1 Units, however, so the parties elected to disregard Hogan's advice.   As ultimately consummated, the Merger eliminated the A-1 Units entirely.

Movants served Rule 45 subpoenas in this District for the depositions of the four principal Hogan lawyers who advised the Archstone Defendants regarding the Merger:   David Slotkin, Bruce Gilchrist, Warren Gorrell, and Prentiss Feagles.   Mr. Slotkin is represented separately and his deposition began, but was terminated before its completion, on April 29, 2016. Subject to various objections, Hogan accepted service of the subpoenas for Messrs. Gilchrist, Gorrell, and Feagles.   *See* Exhibit A.   Hogan has taken the position that Movants are seeking to depose "too many" Hogan lawyers and, absent a court order, has only agreed to produce Mr.

3

Gilchrist for deposition, although they have offered no date as yet.[1]

Hogan's "too many" depositions objection is unfounded given the central roles that Gorrell and Feagles played in the Merger and their knowledge of the status of the A-1 Unitholders.   Moreover, Judge Martinez's orders finding waiver of privilege and work product protection require Hogan's immediate compliance with the subpoenas.   In an order entered on January 22, 2016 (the "first waiver order," attached as Exhibit B), the court determined that the attorney-client privilege has been waived as between Hogan and the Archstone Defendants for communications relating to the subject matter of the underlying claims.   More specifically, the court concluded that, by asserting a reliance on counsel defense, the Archstone Defendants had waived the attorney-client privilege with respect to the matters in dispute in the case.   Thus, under the first waiver order, the privilege does not shield Hogan's advice relating to "the rights of A-1 Unitholders under the Declaration of Trust ('DOT'), as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders."   Ex. B at 6.

Thereafter, based in part on testimony given during the aborted deposition of Mr. Slotkin, Movants sought a finding that work product immunity relating to the same advice had also been waived.   By order dated May 20, 2016 (the "second waiver order," attached as Exhibit C), Judge Martinez agreed, and mandated the disclosure of certain Hogan work product relating to the Archstone Defendants' advice-of-counsel defense.   Upon receipt of this second waiver order, Movants' counsel forwarded it to Hogan and asked to further confer regarding document production in compliance with the order and to schedule the depositions of Gilchrist, Feagles,

---

[1] The Gilchrist deposition was scheduled once, but the date was adjourned pending Judge Martinez's ruling on Plaintiffs' motion to find a waiver of the work product doctrine.

and Gorrell.   Hogan's lawyer advised that they were looking into the volume of documents to be

produced and said that they would only produce Mr. Gilchrist, absent a Court order commanding

the depositions of Feagles and Gorrell.   As of this filing, Hogan has not produced documents in

compliance with the second waiver order, has not agreed to a date for such production, and has

not provided a date for Gilchrist's deposition.   And Hogan is still flatly refusing to produce

Feagles and Gorrell for deposition.

Consistent with Local Civil Rule 7(m), Movants' counsel has met and conferred with

counsel for Respondents over a period of three months and have been unable to resolve their

differences.[2]   Movants therefore seek appropriate relief from this Court.   *See* Fed. R. Civ. P.

45(f) Advisory Committee's Note (2013) (explaining that a motion to enforce a Rule 45

subpoena must "be made in the court in which compliance is required under Rule 45(c).").

## ARGUMENT

**The Court should order production of responsive materials forthwith to enable Plaintiffs'
counsel to prepare for the depositions before the discovery cut-off date of June 29.**

In February, 2016, Movants subpoenaed documents relating to the specific topics

---

[2] Beginning in February, Plaintiffs began their conferral efforts with Hogan, identifying the
limited number of Hogan lawyers from whom testimony would be sought, and attempting to
agree on dates prior to service of subpoenas.   Hogan provided only vague responses, refusing
even to commit to accepting service of subpoenas for the attorneys.   Plaintiffs had no choice but
to serve subpoenas with unilaterally selected dates.   Even then Hogan would not confirm the
dates without further pressing.   Finally, after Plaintiffs said they planned to show up on the
subpoenaed date for Gilchrist, Hogan said that the witness was unavailable that day and
suggested the week after the following week for his deposition.   Plaintiffs said no; Hogan finally
provided May 6 for Gilchrist and said Plaintiffs could reserve June 1 for Feagles and Gorrell, but
that Hogan would object to producing them as witnesses.   These dates were released because of
the motion relating to work product waiver.   Another week and a half has elapsed since that
motion was decided, and Plaintiffs are now again chasing Hogan without a commitment on
compliance with the subpoenas within the District Court's schedule for completion of fact
discovery.

relevant to this dispute.   Production was slow, but was purportedly completed (and included, according to Hogan, documents produced in compliance with the first waiver order) on April 18, 2016.   Documents withheld on the basis of work product immunity were gathered by Hogan and listed on a privilege log that Hogan provided on April 28, 2016.   Under the second waiver order, these documents must now be produced to the extent they concern the rights of the A-1 Unitholders.   Good cause does not exist for any delay in such production.   Accordingly, Movants respectfully request that the Court require Hogan to produce all documents called for by the second waiver order on or before June 8, 2016, and to certify that the production is complete.

**The Court should order the Depositions of Messrs. Gilchrist, Feagles, and Gorrell.**

Although Hogan has agreed to make Mr. Gilchrist available for his deposition, no date has been offered or set since Judge Martinez entered the second waiver order.   It should be. And Messrs. Gorrell and Feagles, were also significant participants in the Merger and, as such, their depositions are warranted and necessary to avoid prejudice to Plaintiffs and the Class. Although Hogan is well-aware of these attorneys' substantial involvement in the Merger, and specifically those aspects of the Merger at issue, Hogan has stated that their depositions will not proceed without a Court order compelling them.

Rule 26(d) authorizes the Court to order the sequence of discovery upon motion.   *See, e.g., Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996). It is appropriate for the Court to schedule depositions where, as here, one party has stood in the way of timely scheduling depositions which are not unduly burdensome.   *Procaps S.A. v. Patheon, Inc.,* No. 12-24356-CIV, 2014 WL 352226, at *1-2 (S.D. Fla. Jan. 30, 2014) (in "a major lawsuit, with more than a third of a billion dollars in alleged damages," court held "[i]t is simply impractical to postpone depositions" and that "a blanket refusal to provide available

6

deposition dates for weeks on end is, at this late point in the case, inequitable and problematic."); *Monacello v. City of Philadelphia*, No. CIV.A. 87-2380, 1988 WL 28242, at *1 (E.D. Pa. Mar. 22, 1988) (exercising authority to schedule depositions where "various skirmishes between [the parties] resulted in continued failure to arrive at a just deposition sequence."); *see also Dragon Yu Bag Mfg. Co. v. Brand Sci.*, LLC, 282 F.R.D. 343, 344 (S.D.N.Y. 2012) (imposing sanctions on defendant that "was mostly unresponsive to [plaintiff's] multiple attempts to schedule the depositions.").

Plaintiffs have been seeking Hogan's cooperation on discovery since February.  So far, however, Hogan has tried to run out the clock and evade its responsibilities under the federal rules, citing vague and unsubstantiated claims of burden.  *See, e.g., Staley Continental, Inc. v. Drexel Burnham Lambert, Inc.*, Misc. Nos. 87-255, 87-295, 1988 U.S. Dist. LEXIS 13512 at *8 (D.D.C. Apr. 8, 1988) (generalized, unfocused claims of burden by subpoenaed party insufficient to avoid compliance).  Evasion alone is improper, but worse here, because Hogan's actions disregard two court orders requiring the disclosure of facts a federal district court judge has deemed relevant to this case.

Hogan has never denied that the lawyers Plaintiffs are seeking to depose possess knowledge of relevant facts.  Mr. Gorrell presented to the Archstone Board on its fiduciary duties, and other witnesses have testified that he played a key role in the Merger.  Likewise, Mr. Feagles possess an unmatched understanding of the critical, relevant tax deferral and protection issues in this case—he recently submitted an extensive declaration in an individual action pending in California state court regarding his knowledge of these issues.  Hogan has agreed to produce Gilchrist, but is stalling as to which date.  Gilchrist was involved on a day-to-day level with the Merger and attended Archstone Board meetings during the time the Merger was

7

negotiated.  He was also involved in planning, analyzing, and designing the consideration for A-1 Unitholders.  The consideration ultimately offered to them embodies terms that the Hogan lawyers previously advised the Archstone Defendants were inadequate and contractually impermissible.  Hogan's clients have invoked the reliance on counsel defense in this case. Consequently, as Judge Martinez found, the Hogan lawyers' mental impressions relating to their advice regarding the A-1 Unitholders is highly relevant and discoverable.

Plaintiffs have duly subpoenaed Messrs. Feagles, Gilchrist, and Gorrell.  Time is ticking with fact discovery set to close on June 29, 2016.  It is imperative that these depositions be compelled to be taken between June 13 and June 29, 2016.  This will give Plaintiffs time (5 days) to review the documents (if produced by June 8) before beginning the depositions.  And it will ensure the completion of discovery before the June 29 cut-off date.

## CONCLUSION

Wherefore, Movants seek an order compelling (a) the production of documents that are the subject of the second waiver order by June 8, 2016, and (b) that the depositions of Bruce Gilchrist, Warren Gorrell, and Prentiss Feagles be set between June 13 and June 29, 2016.

Dated: June 1, 2016                                     Respectfully submitted,

Richard H. Gordin (Bar No. 925727)
GIRARD GIBBS LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 407-7272
rhg@girardgibbs.com

*Counsel for Movants*

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone:   (312) 346-2222
kae@wexlerwallace.com

*Counsel for Movants and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion to Compel Compliance with

Subpoenas to be filed with the District Court in the Clerk's Office.   A true and correct copy will

be served upon:

David Newmann
Hogan Lovells US, LLP
1835 Market Street
29th Floor
Philadelphia, PA 19103
david.newmann@hoganlovells.com

Warren Gorrell
Hogan Lovells LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-8618
warren.gorrell@hoganlovells.com

Prentiss E. Feagles
Hogan Lovells LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-8618
prentiss.feagles@hoganlovells.com

by electronic and overnight mail delivery, and upon:

Jonathan D. Polkes
Caroline Hickey Zalka
Ashish D. Gandhi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
jonathan.polkes@weil.com
caroline.zalka@weil.com
ashish.gandhi@weil.com

Frederick J. Baumann
Alex C. Myers
LEWIS ROCA ROTHGERBER CHRISTIE
LLP
1200 17TH Street, Suite 3000
Denver, Colorado 80202-5855
Phone: (303) 623-9000
fbaumann@lrrlaw.com
amyers@lrrlaw.com

Roger P. Thomasch
Leslie A. Eaton
BALLARD SPAHR
1225 17th Street, Suite 2300
Denver, Colorado 80202
Phone: (303) 292-2400
Fax: (303) 296-3956
thomasch@ballardspahr.com
eaton@ballardspahr.com

by electronic mail, this 2nd day of June, 2016.

**EXHIBIT A**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| Stender, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   07-cv-02503 (WJM/MHW) |
| | ) | |
| Archstone-Smith Operating Trust, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Bruce Gilchrist; c/o Hogan Lovells US LLP
555 Thirteenth Street Northwest, Washington, D.C. 20004

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Cohen Milstein<br>1100 New York Avenue, Suite 500,<br>Washington, D.C. 20005 | Date and Time:<br>05/05/2016 9:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographic and Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/18/2016

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Signature* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven A. Stender, et al.                                                                     , who issues or requests this subpoena, are:
Kenneth A. Wexler, Wexler Wallace LLP, 55 West Monroe Street, Suite 3300, Chicago, IL 60603;
kaw@wexlerwallace.com; (312) 261-6197

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 07-cv-02503 (WJM/MHW)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

❐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                          ; or

❐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                          for travel and $                          for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:

                                                  *Server's signature*


                                                  *Printed name and title*


                                                  *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | | |
|---|---|---|
| Stender, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   07-cv-02503 (WJM/MHW) |
| | ) | |
| Archstone-Smith Operating Trust, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Prentiss Feagles c/o Hogan Lovells US LLP
           555 Thirteenth Street Northwest, Washington, D.C. 20004
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Cohen Milstein | Date and Time: |
|---|---|
| 1100 New York Avenue, Suite 500, | 05/03/2016 9:00 am |
| Washington, D.C. 20005 | |

The deposition will be recorded by this method:   Stenographic and Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/18/2016

           *CLERK OF COURT*
                                               OR   _____
       _____                    *Attorney's signature*
       *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven A. Stender, et al.
_____, who issues or requests this subpoena, are
Kenneth A. Wexler, Wexler Wallace LLP, 55 West Monroe Street, Suite 3300, Chicago, IL 60603.
kaw@wexlerwallace.com; (312) 261-6197

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 07-cv-02503 (WJM/MHW)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| Stender, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  07-cv-02503 (WJM/MHW) |
| | ) | |
| Archstone-Smith Operating Trust, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Warren Gorrell, c/o Hogan Lovells US LLP

555 Thirteenth Street Northwest, Washington, D.C. 20004

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cohen Milstein<br>1100 New York Avenue, Suite 500,<br>Washington, D.C. 20005 | Date and Time:<br>05/10/2016 9:00 am |
|---|---|
| The deposition will be recorded by this method: | Stenographic and Videotape |

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/18/2016

|     _CLERK OF COURT_     |     OR     |     |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Steven A Stender, et al. , who issues or requests this subpoena, are
Kenneth A. Wexler, Wexler Wallace LLP, 55 West Monroe Street, Suite 3300, Chicago, IL 60603; kaw@wexlerwallace.com; (312) 261-6197

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev  02-14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  07-cv-02503 (WJM/MHW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*
on *(date)*  _____   _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____   _____           on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____        for travel and $ _____        for services, for a total of $    0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, L.L.C.,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST *et al.*,

      Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PRIVILEGE MOTION

---

Before the Court is Plaintiffs' Motion for Determination That the Defendants May

Not Assert Attorney-Client Privilege with Respect to Legal Advice Given on Treatment

of A-1 Unitholders and A-1 Units ("Privilege Motion"). (ECF No. 459.) As explained

below, the course of briefing has mooted the Privilege Motion as to the Tishman

Defendants,[1] and also revealed that the Archstone Defendants[2] do not oppose the relief

Plaintiffs originally requested. Accordingly, the Privilege Motion will be granted as to the

Archstone Defendants and denied as moot as to the Tishman Defendants.

---

[1] The "Tishman Defendants" are Tishman Speyer Development Corporation, River Holding, LP, River Acquisition (MD), LP, and River Trust Acquisition (MD), LLC.

[2] The "Archstone Defendants" are Archstone-Smith Trust, Archstone-Smith Operating Trust, Archstone Smith Multifamily Series I Trust, Ernest A. Gerardi, Ruth Ann M. Gillis, Ned S. Holmes, Robert P. Kogod, James H. Polk, III, John C. Schweitzer, Jr., R. Scot Sellers, Robert H. Smith, Stephen R. Demeritt, Charles Mueller, Jr., Caroline Brower, Mark Schumacher, and Alfred G. Neely.

Familiarity with the extensive factual background and procedural history of this case is presumed. The Privilege Motion argues that the Archstone Defendants have already produced documents containing attorney advice regarding the rights of A-1 Unitholders under the Merger (*see* ECF No. 458 at 4–7),[3] and, as a result, the Archstone Defendants have waived the attorney-client privilege as to the "Subject Matter," which Plaintiffs define as "the rights of A-1 Unitholders under the Declaration of Trust ('DOT'), as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders" (*id.* at 2). The Privilege Motion further argues that both the Archstone Defendants and Tishman Defendants have waived the attorney-client privilege because they are asserting affirmative defenses that are, in essence, advice-of-counsel defenses. (*Id.* at 15–16.) Indeed, say Plaintiffs, "[i]t is inconceivable that the advice of counsel will not be relied upon to support Defendants' affirmative defenses. Therefore, Defendants have put the advice at issue and [the] privilege has been waived." (*Id.* at 16.)

The Tishman Defendants' Response and Plaintiffs' Reply revealed that the Tishman Defendants are withdrawing their affirmative defenses of "Good Faith" and "Transaction Permitted by Declaration of Trust," thus mooting the Privilege Motion as to them. (*See* ECF No. 469 at 8; ECF No. 474 at 2; ECF No. 476; ECF No. 478.)

The Archstone Defendants, for their part, countered that the Privilege Motion was also moot as to them because "they have agreed that communications regarding legal advice provided by Archstone's outside counsel . . . to Archstone" regarding the

---

[3] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

2

Subject Matter (as Plaintiffs defined it) "shall no longer be withheld on grounds of

attorney-client privilege." (ECF No. 470 at 2.) The Archstone Defendants insisted,

however, that "the covered 'Subject Matter' does not include," among other things,

"protected attorney-work product." (*Id.* at 3.)

In reply, Plaintiffs countered that the Archstone Defendants were really only

agreeing to give up a subset of what Plaintiffs seek: "communications concerning

(1) *advice* (2) *from* [outside counsel] (3) *to* a single entity, Archstone." (ECF No. 473

at 3 (emphasis in original).) According to Plaintiffs,

> [a] full production relating to the Subject Matter would
> include such things as inquiries to counsel from the
> Archstone Defendants, individually or as a group; actions
> taken in response to the legal advice; internal
> communications about the advice among individuals,
> including the Trustees; discussions between [outside
> counsel], the Trustees, and/or management, be they
> individually or together; discussions of the Tishman
> Defendants' desire to eliminate A-1 Units in the face of the
> fiduciary and contractual obligations of which the Board and
> management were advised; and all other materials and
> information concerning legal advice regarding duties to—and
> the rights of—A-1 Unitholders.

(*Id.*) Thus, Plaintiffs argued that the Privilege Motion was not moot.

As to the Archstone Defendants' insistence that their proposed waiver does not

include work product, Plaintiffs stated that any ruling from this Court on that issue

"would amount to an advisory opinion" because the Privilege Motion

> is directed to a subject matter waiver of attorney-client
> privilege. *It seeks nothing beyond that.* There may well be
> developments in discovery which justify Plaintiffs' challenge
> to the assertion of work product . . . . At that time, the
> parties and the Court will have the benefit of a record and
> briefs on whatever issues are in dispute. But with no
> controversy now before the Court concerning these matters,

3

> the Court should refrain from issuing an advisory opinion or
> ruling on hypothetical scenarios that are not the subject of
> Plaintiffs' motion.

(*Id.* at 4 (emphasis added).)

The Court ordered the Archstone Defendants to file a surreply. (ECF No. 477.)

The Archstone Defendants there confirmed that, as Plaintiffs predicted, they "intend to

assert an advice-of-counsel defense" and accordingly

> agree to waive the attorney-client privilege to the extent
> defined in Plaintiffs' opening memorandum. Specifically, in
> connection with their advice-of-counsel defense, the
> Archstone Defendants agree to waive the attorney-client
> privilege for all documents and communications in which
> Archstone employees or Trustees received, discussed,
> reflected on, or reacted to "the advice of counsel on the
> rights of A-1 Unitholders under the Declaration of Trust
> ('DOT'), as well as the contractual and fiduciary obligations
> the Archstone Defendants had with respect to A-1
> Unitholders" (defined by Plaintiffs as the "Subject Matter").
> This agreement also encompasses the examples of
> documents and communications that Plaintiffs referred to in
> their reply brief (except for an undefined, catch-all example),
> and the Archstone Defendants agree not to withhold them
> on the basis of the attorney-client privilege.

(ECF No. 479 at 2–3 (citation omitted).) The Archstone Defendants also submitted a

proposed order embodying what they believe to be the proper scope of the discovery to

which they are subject in light of the foregoing concession. (ECF No. 479-1 at 3.)

Plaintiffs responded with a Motion for Leave to File a Rejoinder to the Archstone

Defendants' Sur-Reply ("Rejoinder Motion"). (ECF No. 480.) Plaintiffs argued that the

Archstone Defendants' surreply revealed "for *the first time*" that an advice-of-counsel

defense is at issue (ECF 480 at 1 (emphasis in original))—as if this was completely

unexpected, despite Plaintiffs' previous argument that Defendants' failure to assert

4

such a defense would be "inconceivable" (ECF No. 458 at 16). Plaintiffs further argued

that the advice-of-counsel defense necessarily waives the work product protection as

well. (ECF No. 480 at 2.) Thus, the proposed order attached to the Archstone

Defendants' surreply "describes the types of materials . . . Plaintiffs sought (and were

entitled to) *before* learning of the Archstone Defendants' newly asserted defense," but

is now "unduly restrictive and inconsistent with their actual discovery obligations" given

that work product has allegedly become open for inspection as well. (*Id.* at 1, 2

(emphasis in original).)

  This Court denied the Rejoinder Motion (ECF No. 482). More importantly, the

Court does not hesitate to observe that the position it asserts borders on bad faith.

Plaintiffs previously told this Court that any ruling on the work product question would

be "advisory" and that they seek "nothing beyond" materials that would otherwise be

subject to the attorney-client privilege. (ECF No. 473 at 4.) Plaintiffs made this

assertion under the assumption that the Archstone Defendants *must be* asserting an

advice-of-counsel defense. (ECF No. 458 at 15–16.) Thus, when Plaintiffs told this

Court that a work product waiver was not at issue, they must have also believed at that

time that a work product waiver was not at issue *even if* the Archstone Defendants

eventually asserted an explicit advice-of-counsel defense.

  Plaintiffs agree that the Archstone Defendants' proposed order properly states

the scope of discovery for which Plaintiffs argued in the Privilege Motion. The Court will

therefore adopt the proposed order's language in its order below. As for work product,

the Court makes no ruling. *If* Plaintiffs can assemble a well-supported, good faith

5

argument that the advice-of-counsel defense *necessarily* entails a work product waiver, Plaintiffs may bring a motion to that effect within a reasonable time.[4]  Otherwise, the Court does not expect to see any such motion unless—to use Plaintiffs' words—"developments in discovery . . . justify Plaintiffs' challenge to the assertion of work product."  (ECF No. 473 at 4.)  To be perfectly clear, the supposedly unexpected assertion of the advice-of-counsel defense is not itself a "development[] in discovery."

Accordingly, the Court ORDERS as follows:

1.  Plaintiffs' Privilege Motion (ECF No. 459) is GRANTED IN PART and DENIED IN PART;

2.  Plaintiffs' Privilege Motion is GRANTED as against the Archstone Defendants to the following extent:  In connection with asserting an advice-of-counsel defense, the Archstone Defendants have waived the attorney-client privilege with respect to all documents and communications in which Archstone employees and/or Trustees received, discussed, reflected on, or reacted to the advice of counsel on the rights of A-1 Unitholders under the Declaration of Trust, as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders; and

3.  Plaintiffs' Privilege Motion is DENIED AS MOOT as against the Tishman Defendants in light of the Tishman Defendants' choice to withdraw their affirmative defenses of "Good Faith" and "Transaction Permitted by Declaration of Trust."

---

[4] Plaintiffs' arguments in their Rejoinder Motion are insufficient to establish this sweeping proposition.

6

Dated this 22nd day of January, 2016.

BY THE COURT:

William J. Martínez
United States District Judge

7

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 07-cv-2503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, L.L.C.,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST *et al.*,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
DETERMINATION OF WAIVER OF WORK PRODUCT**

---

      Before the Court is Plaintiffs' Motion for Determination of Waiver of Work

Product. (ECF No. 513.) Plaintiffs seek a ruling that the Archstone Defendants[1] must

disclose work product from the attorneys who advised them regarding the transaction

that eventually led to this lawsuit ("opinion counsel"). Plaintiffs claim that this result

necessarily flows from the Archstone Defendants' invocation of the advice of counsel

defense. For the reasons explained below, the Court holds that the Archstone

Defendants and their opinion counsel must produce work product that is evidence of a

communication between themselves regarding the subject matter of counsel's opinion.

Plaintiffs' motion is otherwise denied.

---

[1] The "Archstone Defendants" are Archstone-Smith Trust, Archstone-Smith Operating
Trust, Archstone Smith Multifamily Series I Trust, Ernest A. Gerardi, Ruth Ann M. Gillis, Ned S.
Holmes, Robert P. Kogod, James H. Polk, III, John C. Schweitzer, Jr., R. Scot Sellers, Robert
H. Smith, Stephen R. Demeritt, Charles Mueller, Jr., Caroline Brower, Mark Schumacher, and
Alfred G. Neely.

At the outset, the Court notes the odd posture of Plaintiffs' motion. Plaintiffs have not brought to the Court's attention any particular written discovery request to which the Archstone Defendants refuse to respond. Plaintiffs do not offer a privilege log from which they deduce that the Archstone Defendants are improperly withholding information. The Archstone Defendants' opinion counsel have not moved to quash any subpoena. Although Plaintiffs describe a series of questions that opinion counsel refused to answer at a deposition (ECF No. 513 at 10–12), Plaintiffs do not move for an order compelling answers to those questions. On its face, then, Plaintiffs' motion appears to request an advisory opinion. *Cf.* Fed. R. Civ. P. 37(a)(3) (listing proper bases of a motion to compel).

It is clear from the parties' briefs, however, that Plaintiffs believe the Archstone Defendants have categorically waived the work product protection as to opinion counsel. It is also clear that the Archstone Defendants are categorically resisting Plaintiffs' attempts at discovery into opinion counsel's work product. Thus, it appears that a ruling as to the entire work product category is appropriate in this matter, despite Plaintiffs' failure to move to compel specific responses. Choosing not to exalt form over substance, the Court as a consequence will address the merits of the parties' dispute. Familiarity with the extensive factual background and procedural history of this case is presumed.

The Archstone Defendants previously confirmed that they are claiming reliance on advice of counsel (ECF No. 470 at 2), apparently as a defense to Plaintiffs' breach of fiduciary duty claims (*see* ECF 479 at 2–3). Given that, the Archstone Defendants stipulated that they have waived the attorney-client privilege with respect to documents

2

or communications in which they received, discussed, reflected on, or reacted to the
advice of opinion counsel regarding the transaction that led to this lawsuit. (*See* ECF
No. 470 at 4–6.) Plaintiffs now claim that they must also have access to opinion
counsel's entire file regarding the transaction, including uncommunicated work product.
(ECF No. 513 at 4–7.)

The advice of counsel defense is probably most often asserted to defeat a claim
of willfulness in patent infringement cases. Unsurprisingly, then, patent decisions
usually contain the most well-developed discussion of work product waiver in light of an
advice of counsel defense.

For many years, district courts handling patent cases debated the "broad waiver"
versus "narrow waiver" approaches. *See Simmons, Inc. v. Bombardier, Inc.*, 221 F.R.D.
4, 8 (D.D.C. 2004) (explaining the two approaches). The major distinction between
broad waiver and narrow waiver was whether the opinion-providing attorneys must
disclose everything related to their opinions even if not communicated to or from the
client, or whether they must only disclose what was actually communicated between
attorney and client. *See id.*

Decisions advocating the broad approach (many of which Plaintiffs cite)
principally relied on the then-current wording of Federal Rule of Civil Procedure
26(b)(1), which was interpreted as permitting discovery into any matter reasonably
calculated to lead to discovery of admissible evidence. *See, e.g.*, *Dunhall Pharms., Inc.
v. Discus Dental, Inc.*, 994 F. Supp. 1202, 1204–05 (C.D. Cal. 1998). Although these
courts acknowledged that the ultimate inquiry was into the client's state of mind, not the
attorney's, they reasoned that full disclosure of the attorney's files "could very well lead

3

to the discovery of relevant and admissible evidence of the client's state of mind,"
apparently "because negative evidence contained in the attorney's files raises the
reasonable circumstantial inference that the client was somehow appraised [*sic*] of the
negative opinions." *Id.* at 1205.[2]

Courts adopting the narrow approach criticized the broad approach for its implicit
reliance on an assumption that opinion-giving attorneys and their clients would behave
dishonestly in discovery. *See Simmons*, 221 F.R.D. at 10 (summarizing this position).
The broad approach "presumes that counsel would be willing to falsely represent that
they turned over all communications between the client and counsel related to the
opinion, while secretly holding back what counsel in fact communicated to the client."
*Id.* (internal quotation marks omitted; alterations incorporated).

In 2006, the Federal Circuit settled this debate mostly in favor of the narrow
approach. *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006). In
*EchoStar*, the Federal Circuit noted

> at least three categories of work product that are potentially
> relevant to the advice-of-counsel defense . . . . They
> include: (1) documents that embody a communication
> between the attorney and client concerning the subject
> matter of the case, such as a traditional opinion letter;[3]
> (2) documents analyzing the law, facts, trial strategy, and so
> forth that reflect the attorney's mental impressions but were

---

[2] Other patent cases relied upon by Plaintiffs that take the same approach include *SNK Corp. of America v. Atlus Dream Entertainment Co.*, 188 F.R.D. 566 (N.D. Cal. 1999), *Electro Scientific Industries, Inc. v. General Scanning, Inc.*, 175 F.R.D. 539 (N.D. Cal. 1997), *Saint-Gobain/Norton Industrial Ceramics Corp. v. General Electric Co.*, 884 F. Supp. 31 (D. Mass. 1995), and *Mushroom Associates v. Monterey Mushrooms, Inc.*, 1992 WL 442892 (N.D. Cal. May 19, 1992).

[3] Archstone already agrees that it must disclose at least documents falling in this first category. (*See* ECF No. 486.)

4

> not given to the client; and (3) documents that discuss a
> communication between attorney and client concerning the
> subject matter of the case but are not themselves
> communications to or from the client.

*Id.* at 1302. The court held that parties asserting the advice of counsel defense waived

the work product protection as to categories 1 and 3, but not as to category 2: "if a legal

opinion or mental impression was never communicated to the client, then it provides

little if any assistance to the court in determining whether the accused knew it was

infringing, and any relative value is outweighed by the policies supporting the

work-product doctrine." *Id.* at 1304.

The Federal Circuit in *EchoStar* was interpreting only Federal Circuit law

regarding the scope of "work-product immunity when [a defendant] asserts the advice-

of-counsel defense in response to a charge of willful patent infringement." *Id.* at 1298.

Because this is not a patent case, *EchoStar* is not binding. Rather, because this is a

diversity case, the law of the state that "supplies the rule of decision" controls. Fed. R.

Evid. 501.[4]

---

[4] Federal Rule of Civil Procedure 26(b)(3)(A) governs production of attorney work product, defined as "documents and tangible things that are prepared in anticipation of litigation or for trial." Plaintiffs deem "suspect" any claim by the Archstone Defendants that the work product at issue here was prepared in anticipation of litigation. (ECF No. 513 at 3.) Plaintiffs therefore argue, somewhat indirectly, that opinion counsel's file is not work product at all, and therefore unprotected. The problem for Plaintiffs is that the very cases they rely upon to support waiver of work product all assume that there is indeed a category of protectable work product connected specifically to transactional advice, even when no particular litigation is imminent. In any event, Plaintiffs themselves admit that litigation over the disputed transaction commenced just "four months after the advice was given." (*Id.* at 4.) This, along with the nature of the advice apparently given, is sufficient under the circumstances to convince the Court that the Archstone Defendants sought opinion counsel's advice at least partly in anticipation of potential litigation. Given that, Rule 26(b)(3)(B) requires the Court to protect, absent a waiver, opinion counsel's "mental impressions, conclusions, opinions, or legal theories." Whether a waiver has occurred is precisely the question at issue in this order, and is governed by state law, per Federal Rule of Evidence 501. Finally, even if opinion counsel's file

The parties have previously argued this case under Maryland law. (*See* ECF No. 312 at 7–19.) Here, surprisingly, the Archstone Defendants declare that "[t]here is no dispute that Colorado law governs the waiver of the work product protection." (ECF No. 519 at 7 n.1.) The Archstone Defendants cite *Arkansas River Power Authority v. Babcock & Wilcox Power Generation Group, Inc.*, 2015 WL 4031846 (D. Colo. June 30, 2015), for this proposition, failing to recognize that the parties in that case agreed that Colorado law controlled privilege questions "because the underlying claims of [that] diversity case [were] based on Colorado state law," *id.* at *5. Nonetheless, the Archstone Defendants are correct that Plaintiffs never dispute the applicability of Colorado law—although it would be more accurate to say that Plaintiffs never take any position on which jurisdiction's law applies.

The Court could find no on-point authority either from Colorado or Maryland specifically regarding the scope of work product waiver, if any, when a party invokes the advice of counsel defense. For the following reasons, the Court predicts that ultimately either the Supreme Courts of Colorado or Maryland would find the *EchoStar* approach persuasive and adopt it.

To begin, the true amount of authority favoring broad waiver is very limited. All of the patent-related decisions on which Plaintiffs rely are now dubious in light of *EchoStar*. *EchoStar* nowhere explicitly disapproved any of those decisions, but

---

is not protectable work product, the Court would find that a protective order is appropriate to the extent Plaintiffs seek discovery beyond what this order permits because discovery into opinion counsel's uncommunicated research and impressions is not "relevant to any party's claim or defense," *i.e.*, not probative of the Archstone Defendants' state of mind. Fed. R. Civ. P. 26(b)(1).

*EchoStar* nonetheless ruled that uncommunicated work product was of little value in discovering the client's state of mind as compared to the policies behind the work product protection. 448 F.3d at 1304. The patent-related decisions are also dubious in light of Rule 26(b)(1) as amended, which no longer contains the phrase on which many of these decisions relied: "reasonably calculated to lead to the discovery of admissible evidence."

As for non-patent cases cited by Plaintiffs, most either themselves rely on now-questionable patent cases, or contain no substantive analysis specific to work product. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 487 (3d Cir. 1995) (fiduciary duty case; stating without further analysis that disclosure of the attorneys' entire file "may lead to the discovery of admissible evidence regarding what information had been conveyed to [the client]"); *New Phoenix Sunrise Corp. v. C.I.R.*, 408 F. App'x 908, 919 (6th Cir. 2010) (tax penalties case; no analysis specific to work product); *JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323, 331–38 (N.D. W. Va. 2013) (malicious prosecution case; relying solely on patent cases); *Minn. Specialty Crops, Inc. v. Minn. Wild Hockey Club, L.P.*, 210 F.R.D. 673, 675–69 (D. Minn. 2002) (trademark case; relying principally on patent cases).

Plaintiffs also rely on *Evello Investments N.V. v. Printed Media Services, Inc.*, 1995 WL 135613 (D. Kan. Mar. 28, 1995), but that case is not as clear as Plaintiffs claim. *Evello* was a malicious prosecution case, not a patent case, and the court did not rely on patent cases when deciding to permit discovery into work product regarding advice of counsel. However, the actual rule of law stated in *Evello* was as follows:

7

"When a client claims that its reliance upon advice of counsel demonstrates that prior lawsuits were brought in good faith, that client has waived the protections afforded by the attorney-client privilege and the work-product doctrine as to all *communications relating to the issue of good-faith*." *Id.* at *6 (emphasis added; internal quotation marks omitted). The court nowhere expounds on the emphasized phrase, but it could very well refer to *EchoStar*'s category 3 (work product that is evidence of a client communication).

This lack of solid authority is one strong reason to predict that neither Colorado nor Maryland would adopt a broad waiver. Another strong reason is that, as the *Simmons* decision explained, the broad approach assumes that opinion-giving lawyers and their clients will behave dishonestly or otherwise unethically during the discovery process. 221 F.R.D. at 10. Indisputably, the advice of counsel defense inquires into the *client's* state of mind, not the attorney's. Information not communicated from attorney to client cannot inform a jury about the client's state of mind. A party invoking the advice of counsel defense obviously waives the privilege as to anything communicated from attorney to client or vice versa on the subject of the attorney's opinion. Moreover, the opposing party may fairly propound discovery requests and ask deposition questions regarding any information that was conveyed orally, or conveyed in documents that may no longer exist. All of this informs the client's state of mind. In that light, the only reason to require production of the opinion-giving attorney's entire file is the suspicion that the attorney or client is actually holding back something actually communicated.

8

The Court is unwilling to hold that any American jurisdiction would adopt waiver

rules based on the concern that parties cannot be trusted to disclose all information

properly subject to discovery.  Litigators habitually suspect that the other side is

withholding or not diligently seeking discoverable information.  Formally endorsing that

suspicion is dangerous, however, because the only true solution would be an inquiry in

most every case into the entire scope of the party's (and their attorneys') discovery

efforts.

The Court notes that the broad approach might nonetheless be helpful in cases

where an attorney cannot remember the entire scope of advice communicated to the

client.  A memo to file, for example, might form the basis of a deposition question about

whether the attorney remembered communicating anything from that memo to the

client.  The Court believes, however, that a requirement to disclose work product

reflecting client communications—*EchoStar*'s category 3—would have the same

memory-improving effect.  If category 3 documents must be disclosed, then attorneys

naturally must review their files to determine whether category 3 documents exist.

Such an exercise should jog the attorney's memory regarding matters actually

communicated, regardless of whether any document embodies or evinces that

communication.

For the foregoing reasons, Plaintiffs' Motion for Determination of Waiver of Work

Product (ECF No. 513) is GRANTED IN PART and DENIED IN PART.  The Archstone

Defendants must disclose and/or discuss: (1) all documents and communications

described in this Court's prior order regarding waiver of attorney-client privilege (ECF

No. 486 at 6), and (2) all attorney work product from the Archstone Defendants' opinion

9

counsel that specifically reflects a communication between opinion counsel and the

Archstone Defendants concerning the subject matter of counsel's opinion.  Plaintiffs'

Motion is otherwise DENIED.

Dated this 20th day of May, 2016.

BY THE COURT:

William J. Martinez
United States District Judge